# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HILLARY KNICELY PASCHALL, | CASE NO. 3:24-cv-00026 |
| *Plaintiff,* | |
| v. | ORDER |
| UNIVERSITY OF VIRGINIA SCHOOL OF MEDICINE \| COMMONWEALTH OF VIRGINIA, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

Plaintiff Hillary Knicely Paschall, a former clinical research employee at the University of Virginia, sues purported Defendant "University of Virginia School of Medicine | Commonwealth of Virginia" under the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. §§ 701-796, alleging discrimination, retaliation, and failure to accommodate her disability. Defendant moves to dismiss Plaintiff's suit for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 3 (motion to dismiss); Dkt. 4 (brief in support). Defendant argues not only that Plaintiff's complaint fails to state a plausible claim for relief under the Rehabilitation Act, but also that Plaintiff has not named the proper party as defendant (naming "University of Virginia School of Medicine | Commonwealth of Virginia" instead of "Rectors and Visitors of the University of Virginia"), thereby warranting dismissal of Defendant from the case. Because the Court finds that the named defendant, "University of Virginia School of Medicine | Commonwealth of Virginia," is not a legal entity capable of being sued, the Court hereby **DISMISSES** Defendant from this case. The Court also dismisses the Commonwealth of Virginia from the case for failure of service, to the extent that the Commonwealth was ever sued.

1

I. **Background**

Plaintiff filed her complaint on April 24, 2024. *See* Dkt. 1. In her complaint, Plaintiff named "University of Virginia School of Medicine | Commonwealth of Virginia" as the *sole* "Defendant." Dkt. 1 at 1. In the caption to the complaint, Plaintiff listed the following address:

> Serve: Melina R. Kibbe, MD
> Office of the Dean
> McKim Hall 3009
> 1415 Jefferson Park Avenue
> Charlottesville, Virginia 22903

*See* Dkt. 1 at 1. The Court takes judicial notice that McKim Hall houses the University of Virginia School of Medicine, and that Melina R. Kibbe currently serves as Dean of that school.[1]

Plaintiff requested a waiver of service on April 29, 2024, and on May 14, 2024, Ronald N. Regnery, representing the Office of the Attorney General of Virginia, executed the waiver of service on behalf of Defendant. *See* Dkt. 2. However, waiver of service was only made as to the "University of Virginia School of Medicine."[2] Dkt. 2. Furthermore, the form twice listed the defendant in the case as the "University of Virginia School of Medicine." *Id.*

On June 28, 2024, Regnery, representing Defendant, filed the instant motion to dismiss. *See* Dkt. 3. Both the caption to this motion and Regnery's signature block identified Defendant as "University of Virginia School of Medicine | Commonwealth of Virginia." *See* Dkts. 3, 4 (motion to dismiss and brief).

II. **Legal Standard**

A. **The University of Virginia**

"The board of visitors of the University of Virginia [] is a corporation under the name and

---

[1] *See* University of Virginia School of Medicine, "About the School of Medicine," https://med.virginia.edu/about-uva-som/contact/ (last accessed November 25, 2024).
[2] The form included a blank for the "printed name of [the] party waiving service," and Regnery (presumably) filled in this blank with the "University of Virginia School of Medicine." Dkt. 2.

2

style of 'the Rector and Visitors of the University of Virginia' and has . . . all the corporate powers given to corporations" under Virginia law. *See* Va. Code § 23.1-2200(A). "The board shall at all times be under the control of the General Assembly." *Id*. "The institution shall be known as the University of Virginia." *Id.* § 23.1-2200(B).

### B. Service

Generally, under Rule 4 of the Federal Rules of Civil Procedure, a corporation must be served in the manner of serving an individual or by delivering the complaint and a summons "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(h)(1). Rule 4(j) provides that "[a] state, a municipal corporation, or any other state-created governmental organization" must be served by delivering a copy of the summons and of the complaint to the organization's "chief executive officer" or in the "manner prescribed by that state's law." Fed. R. Civ. P. 4(j).

However, a plaintiff may request that a defendant—who is an individual, corporation, or association subject to service under Rule 4(e), (f), or (h)—waive the service of summons in order to "avoid unnecessary expenses." *See* Rule 4(d)(1). A defendant who waives service before being served with process "need not serve an answer to the complaint until 60 days after the request [for waiver] was sent." Fed. R. Civ. P. 4(d)(3).

Finally, Rule 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m).

### C. Amendment of Pleadings

Rule 15 provides that a party may seek leave of court to amend its pleading, and the court should grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal

3

rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*). "Despite this general rule liberally allowing amendments," courts may deny leave to amend "if the amendment 'would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (quoting *Laber*, 438 F.3d at 426).

### III.  Discussion

Federal courts in the Western District of Virginia and the state courts of Virginia have routinely recognized that divisions of the University of Virginia, such as the "UVA Health System," are not separate legal entities capable of being sued. *See McCarthy v. U. of Virginia Health System*, No. 3:18CV00121, 2019 WL 2610118, at *2 (W.D. Va. June 25, 2019) ("With respect to the UVA Health System, the defendants correctly observe that it is not a 'separate legal entity' capable of being sued."); *Carter v. Rector*, 65 Va. Cir. 326 (Va. Cir. 2004) ("The suit proceeded against [University of Virginia Medical Center], an agency of the University of Virginia. The plaintiff amended her motion for judgment to change the defendant to 'The Rector and Visitors of the University of Virginia,' . . . the corporate entity under which the University and UVMC do business."); *The Rector & Visitors of The U. of Virginia v. Carter*, 591 S.E.2d 76, 77 (Va. 2004) ("[University of Virginia Health System] then moved for summary judgment asserting it is not capable of being sued because it is not a legal entity. In response, [Plaintiff] moved to amend her motion for judgment to substitute UVA as the sole defendant in place of UVHS. The trial court granted Carter's motion to amend."); *Miller v. Univ. of Va. Med. Ctr.*, 58 Va. Cir. 240, 2002 WL 31431426, at *1 (Cir. Ct. Albemarle County 2002) ("UVMC is a division

4

of the Rector and Visitors of the University of Virginia, which is an agency of the Commonwealth of Virginia."); *Doe v. U. of Virginia*, No. 3:23-CV-18, 2024 WL 1346913 (W.D. Va. Mar. 29, 2024) ("The University of Virginia . . . . is not a proper legal entity.").

This Court has held the same. *See Johnson v. U. of Virginia Med. Ctr.*, No. 3:06-cv-00061, 2007 WL 137111, at *4 (W.D. Va. Jan. 17, 2007) ("Defendant [University of Virginia Medical Center] claims that it is not a legal entity capable of being sued. The Court agrees. UVMC is a division of the Rector and Visitors of the University of Virginia . . . . The proper hospital defendant, therefore, should be either the Rector and Visitors of the University of Virginia or the Commonwealth of Virginia itself.") (citing *Miller*, 58 Va. Cir. 240). In *Johnson*, this Court held that a plaintiff seeking to sue the University of Virginia Medical Center must name the Rector and Visitors of the University of Virginia as defendant, and that the University of Virginia Medical Center must be dismissed from the case. *Johnson*, 2007 WL 137111, at *4. However, in *Johnson*, the plaintiff had also sought leave of court under Rule 15 to amend its complaint to correct this mistake. *Id.* Accordingly, the Court's dismissal of the University of Virginia Medical Center as defendant was not fatal to the plaintiff.

Here, by contrast, Plaintiff has committed the error of the plaintiff in *Johnson*—naming a division of the University of Virginia instead of the collective legal entity—without taking the steps of the plaintiff in *Johnson* to correct for that error—seeking leave to amend her complaint. At a hearing on Defendant's motion to dismiss, the Court heard arguments on Plaintiff's apparent failure to name the correct party, and the Court advised Plaintiff's counsel that if he did not move to amend the complaint, the case would be dismissed against the named defendant. More than three weeks have elapsed since that hearing, and, inexplicably, Plaintiff's counsel has made no motion to amend the complaint or otherwise remedy the misnomer. Instead, Plaintiff

5

would apparently prefer to rely on her arguments as to why misnomer should not be fatal[3] or why she should be able to amend her pleadings,[4] despite having not sought leave of court to make such an amendment. The Court, however, finds no support for Plaintiff's position. The Court holds that her misnomer merits dismissal of Defendant in this case.

### A. Plaintiff Fails to Sue the University of Virginia

Plaintiff states in her reply in opposition to the motion to dismiss that "misnomers relating to the name of a party, are technical mispleadings that do not necessitate dismissal." *See* Dkt. 12 at 5. Plaintiff further states that courts "liberally construe the naming requirement in order to avoid creating a burdensome technicality for the Plaintiff as long as the purposes of the discrimination statute(s) are ultimately fulfilled, and the naming requirement is substantially met." *Id*. However, Plaintiff provides no immediate authority or citation for these statements.

Plaintiff goes on to cite three main cases—*Alvarado v. Board of Trustees*, 848 F.2d 457, 460 (4th Cir. 1988), *Ehrlich v. Bd. of Ed. of Baltimore Cty.*, 257 Md. 542, 548–49 (1970), and *Doe v. U. of Virginia*, No. 3:23-CV-18, 2024 WL 1346913 (W.D. Va. Mar. 29, 2024)—but the Court finds that these cases are either inapposite or actually refute Plaintiff's position.

#### 1. *Alvarado v. Board of Trustees*

In *Alvarado*, the Fourth Circuit found that a plaintiff's civil suit against the Board of Trustees of Montgomery Community College was viable despite the plaintiff having given the defendant a different name in his prior administrative claim before the Equal Employment Opportunity Commission (EEOC). Mr. Alvarado was a non-English speaker who sought to bring

---

[3] *See* Section III, A, *infra*.
[4] Plaintiff devotes briefing to the issue of whether her amendment should be considered to "relate back" for purposes of Rule 15. She argues that "[t]here is no question that the attempted substitution here involves the same transaction or occurrence." *See* Dkt. 12 at 7. However, Plaintiff's argument is moot and misplaced given that she has made no motion to amend under Rule 15.

6

a Title VII discrimination claim against his employer, Montgomery Community College, and, pursuant to the administrative exhaustion requirement of Title VII,[5] Mr. Alvarado first filed an administrative claim before the EEOC. *Alvarado*, 848 F.2d at 459. On that complaint, he listed "Montgomery Community College" as the alleged discriminator. *Id*. After his administrative claim was processed and denied, Mr. Alvarado retained counsel and brought suit—this time "nam[ing] the Board of Trustees of Montgomery Community College and the president of the college as defendants." *Id*. This was proper, insofar as Maryland's statutes created the Board of Trustees as the organization which can "sue and be sued" on the college's behalf. *Alvarado*, 848 F.2d at 460. ("Maryland has by statute created boards of trustees and empowered them to establish and operate community colleges . . . . The statute specifies: 'Each board of trustees may sue and be sued.' . . . No such provision is included in the statutes to empower the college itself to sue or be sued.").

The district court, however, granted summary judgment for the defendants, finding that "the failure to name the board of trustees or the president in the administrative complaint" violated Title VII procedure and robbed the court of subject matter jurisdiction, according to a now-vacated precedent, *Dickey v. Greene*, 710 F.2d 1003 (4th Cir. 1983). *Alvarado*, 848 F.2d at 459.

On review, the Fourth Circuit reversed. The Court first found that *Dickey* was not binding authority. *Alvarado*, 848 F.2d at 459 ("However, the 1983 panel decision of this court in Dickey was vacated by the grant of rehearing en banc, so it does not provide binding precedential authority."). Next, with no Fourth Circuit or other precedent requiring an exact match between

---

[5] "Under Title VII, a civil action may be brought after administrative proceedings have ended or conciliation attempts have failed only 'against the respondent named in the [administrative] charge.'" *Alvarado*, 848 F.2d at 458 (quoting 42 U.S.C. § 2000e–5(f)(1)).

7

the party listed on the EEOC complaint and the ultimate defendant, the Court reasoned that "Title VII does not require procedural exactness from lay complainants," and that the goals of the statute's naming requirement were "in no way compromised" by Mr. Alvarado "listing the college in the administrative complaint and the board of trustees in the lawsuit." *Alvarado*, 848 F.2d at 460. Accordingly, the Court found that the mismatch between the party named in the EEOC complaint and the civil suit was no reason to dismiss Mr. Alvarado's case.

Here, *Alvarado* hardly supports Plaintiff's argument that misnomer is a merely "technical mispleading[]" that does not warrant dismissal. First, *Alvarado* arose out of a starkly different context. *Alvarado* considered the actions of a lay person (Mr. Alvarado) relative to an administrative action (filing an EEOC complaint). The Court's inquiry focused on whether a mismatch between the layperson's EEOC complaint and the later civil action violated the finely wrought procedure set forth in a federal statute, Title VII. Here, by contrast, retained counsel has named the improper party in a federal civil suit in the first instance, and no question of alignment between the civil suit and a prior administrative process exists.

Second, and more importantly, the Court in *Alvarado* found that Mr. Alvarado's suit was ultimately brought against the proper party: "Alvarado *properly filed suit against the board of trustees*, in accordance with [state law]." *Alvarado*, 848 F.2d at 460 (emphasis added). The Court further noted, in a footnote, that "had Alvarado filed suit against the college instead [of the board], he would presumably have been entitled to amend his pleadings under Fed. R. Civ. P. 15(a) and (c), if necessary." *Alvarado*, 848 F.2d at 460, n.4. This indicates that the Court's decision relied in part on the fact that Mr. Alvarado ultimately identified the proper party before the Court, in accordance with the naming conventions provided by Maryland law. And had Mr. Alvarado failed to ultimately name the Board of Trustees as the defendant, instead of the college,

8

we are not left to mere speculation about the consequence—he would have been expected to amend his pleadings. *See Alvarado*, 848 F.2d at 460, n.4.

In this way, *Alvarado* stands for the propositions that: (i) retained counsel are expected to name the proper defendant in a civil suit; (ii) naming conventions often arise from state law, especially when litigation involves a state's institutions; and (iii) if misnomer occurs, the remedy is for the errant party to amend the pleadings accordingly. These propositions suggest that Plaintiff's misnomer in the instant case is not an error which the *Alvarado* Court would ignore or excuse without amendment. *Alvarado* is of no help to Plaintiff here.

### 2. *Ehrlich v. Board of Education of Baltimore County*

In *Ehrlich*, the Court of Appeals of Maryland considered whether "the trial court erroneously granted the motion," by a plaintiff, to add the correct plaintiff to the case. *Ehrlich*, 257 Md. at 546. The plaintiff, Board of Education of Baltimore County, had originally filed suit against Mr. Ehrlich for breach of contract. *Ehrlich*, 257 Md. at 545. But Mr. Ehrlich moved for summary judgment alleging that "any contract to which he may have been obligated was not with the Board of Education but was with the Board of Trustees of the Essex Community College." *Ehrlich*, 257 Md. at 545. In response, the Board of Education "moved to add as party plaintiff the Board of Trustees," and the trial court granted the motion finding that the "two plaintiffs were essentially identical in that the members of the Board of Education are also the duly constituted members of the Board of Trustees." *Ehrlich*, 257 Md. at 547. The Court of Appeals affirmed, finding that there was no "change in the real party in interest." *Ehrlich*, 257 Md. at 548. The Court reasoned that "no prejudice occasioned to the appellant by allowing the joinder of the Board of Trustees as a party plaintiff," and that the defendant had even named the Board of Education in his own counterclaim "thereby indicating that in his own mind he made no

9

distinction between the Board of Trustees and the Board of Education." *Ehrlich*, 257 Md. at 549.

Here, Plaintiff cites *Ehrlich* out of context and fails to consider that the errant party in *Ehrlich*—the plaintiff—had *moved the court* to join the correct *plaintiff*. This is far different than the instant case, wherein the errant plaintiff has named the incorrect *defendant* and has *not* moved the Court to make any amendment. The Court finds that the distance between these contexts, plus the fact that *Ehrlich* dealt with Maryland statutory law and Maryland common law, removes this case from the realm of suitable authority which might support Plaintiff's argument. Instead, *Ehrlich* only reinforces the notion that courts are amenable to motions to amend or motions to join the proper parties—in light of complicated naming conventions and the misnomers that often arise—so long as a party actually makes such a motion.

3. ***Doe v. University of Virginia***

*Doe* only hurts Plaintiff's case. In *Doe*, a former student at the University of Virginia, brought a civil action under Title IX against the University of Virginia, alleging sexual abuse by a University professor. The student named two defendants: (1) the University of Virginia, and (2) the Rector and Visitors of the University of Virginia. Beside the Court's handling of the substantive claims at issue, the Court found that "The University of Virginia . . . . is not a proper legal entity, nor has it been served." *Doe*, 2024 WL 1346913, at *6. Accordingly, the Court dismissed this defendant and allowed the case to proceed "against the proper legal entity 'the Rector and Visitors of the University of Virginia.'" *Id*. Applying this result to the instant case, it is hard to see why Plaintiff cites *Doe* given that she has *not* named the Rector and Visitors of the University of Virginia as a defendant. *Doe* only supports dismissal of Defendant here.

*** 

The Court finds that *Alvarado*, *Ehrlich*, and *Doe* are either inapposite or actually refute

10

Plaintiff's position. As currently pled, then, Plaintiff has sued an entity which the law does not recognize—"University of Virginia School of Medicine | Commonwealth of Virginia." To the extent that Plaintiff seeks to sue the University of Virginia using that name, she has so far failed to do so under the authorities described above.

### B. Plaintiff Fails to Sue the Commonwealth of Virginia

Furthermore, to the extent that Plaintiff seeks to sue the Commonwealth of Virginia,[6] the Commonwealth has not been served. Plaintiff's complaint indicated that service would be made upon the Dean of UVA's medical school. *See* Dkt. 1 at 1. Waiver of service was executed by counsel for the Office of the Attorney General, however. *See* Dkt. 2. And the waiver form indicates that waiver of service was made only as to the "University of Virginia School of Medicine." *See* Dkt. 2. Receiving a waiver from the Office of the Attorney General in which service is waived only as to the "University of Virginia School of Medicine" does not result in a waiver of service on behalf of the Commonwealth. Therefore, because the Commonwealth was never served under Rule 4(j), and because 90 days have elapsed since the filing of the complaint, the Court "must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m).

***

Accordingly, the Court must dismiss the named Defendant ("University of Virginia School of Medicine | Commonwealth of Virginia") from the case, and the Court must also dismiss the Commonwealth of Virginia from the case, to the extent it was ever sued.

---

[6] Although Plaintiff includes the Commonwealth of Virginia in her case caption, she has not provided any argument or any other indication suggesting that she seeks to sue the Commonwealth itself. For instance, Plaintiff's response in opposition to Defendant's argument related to the misnomer never proposes that her inclusion of "Commonwealth of Virginia" in the case caption suffices to bring the case against the Commonwealth. *See* Dkt. 12 at 4-10.

11

Both dismissals are **without prejudice**.

### IV. Conclusion

Defendant's motion to dismiss, Dkt. 3, is **GRANTED**, insofar as Defendant "University of Virginia School of Medicine | Commonwealth of Virginia" is hereby **DISMISSED** from the case.

Furthermore, the Commonwealth of Virginia is hereby **DISMISSED** from the case. Both dismissals are **without prejudice**.

Because these dismissals leave no remaining defendant, this case is stricken from the Court's docket.

**IT IS SO ORDERED.**

The Clerk of Court is directed to send a copy of this order to all counsel of record.

Entered this 2nd day of December, 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE